Mr. Watson. Good morning, Your Honors. May it please the Court. My name is Todd Watson. I am representing Mr. Holt today on his appeal of his denial of 2255 relief. We argue to the Court that the central issue is whether Mr. Holt has violent felonies that qualify him under ACCA. Well, I think we've worked out through the panel opinion in Haney and then the exchange of supplemental memos that the answer is no. So the critical question then becomes whether the Supreme Court's decision in Mathis and this Court's decision in Haney apply retroactively on collateral review. What do you think the answer to that question is? Judge, we certainly argue that this does form the basis of a Johnson claim. It's not merely a question of... No, it's not Johnson. It's Mathis and Haney. Haney doesn't rest on Johnson, right? Haney rests on Mathis. The question I'm asking is whether Mathis and Haney are retroactive on collateral review. Well, I suppose my answer would be that's undecided. Well, it's not decided so far, but in order to rule in your favor, we have to decide it in your favor. That's why I'm asking this question. I understand, Your Honor, and I will certainly not take the position that it can't be. So I don't know where that goes, to believe that it is in fact a claim grounded in Johnson. Look, Haney is what it is. It does not rely on Johnson. Let's just take the law of this circuit as it is and deal with it. I understand that the Haney decision itself, which was a direct appeal, does not speak to Johnson because why would it? Johnson deals with the constitutionality of the residual clause. Haney and Mathis, like Taylor before them, deal with the meaning of the word burglary, which is not part of the residual clause. There's nothing about Johnson that affects the meaning of the word burglary one way or the other. This case, like Haney, turns on the meaning of the word burglary. I think we just have to take that and proceed. And, Your Honor, I would disagree with the proposition that Johnson doesn't affect burglary because one of the things that Johnson did was overrule prior United States Supreme Court precedent on the question of what constitutes burglary. No, it didn't. It does so explicitly, Your Honor, that Johnson It deals with the question of what attempted burglary might be, but not what burglary is. Taylor has not been overruled. Taylor is the definition, and it's certainly not the case that Mathis thought that it was interpreting Johnson. I don't think arguing with the court is going to help you. I wish you'd address the question I posed. Well, Your Honor, I would say this, that this court has written, in fact, recently in the Stanley decision that, though it denied relief in that case, it points out that Mr. Stanley had not brought the kind of claim that Mr. Holt brings in this case, and that it recognized, the Stanley decision recognized that that may be because it would have been futile previously because this circuit's precedent and the Supreme Court precedent made it very clear that there was no point arguing over which part of the violent definition was violent. It's not violence. This crime is burglary. It is specifically mentioned. Ever since Taylor decided that burglary meant generic burglary, that was for the purpose of 16b, and everybody's applied it to the Armed Career Criminal Act, this has been an open issue about what that means and how we identify generic burglary. Not a brand new issue. It wasn't created by Haney for a long time. And as I say, Haney has nothing to do with Johnson. We really need to know whether Mathis and Haney are retroactive on collateral review, not whether Johnson is retroactive. And I wish you'd address that question. Now, maybe you're not prepared to address that question. That's fine. You know, since Haney post-dated the briefs, we'll be happy to give you leave to address the question. But I do think we need it addressed. Well, perhaps it is a slightly different question than I anticipated today. I would suggest that the Mathis opinion in and of itself deals with a fairly narrow issue. Coming on the heels of the camp, the Supreme Court in Mathis says to the circuit courts, we wish you would do what we said. That's how the opinion starts, and then ultimately determines that when we say categorical approach, we mean categorical approach. And that changed quite a bit of case law from this circuit and from many others. Yes, you're just not addressing my question. I know exactly what Mathis held. It did not deal with the question whether it is retroactive on collateral review, nor did Haney. We need to address and resolve that question, it seems to me, and we would be helped by submissions by counsel. And we would be happy to do so, Your Honor. There's no question that Mathis was interpreting a particular statutory question. Arguably, so was Haney interpreting an Illinois statute. Is it clear, as a matter of fact, that Mr. Holt's burglaries were of structures or buildings? I believe, ultimately, the government provided a pleading document or either a charging document or a judgment that indicated that it was. But that, of course, can't be looked at. Well, I understand that it may not control if we were on direct appeal under Mathis, but I'm just wondering if it might make a difference. It's not as if this is a completely unjust result. Oh, Your Honor, I would say absolutely it is, because this burglary could not possibly qualify under the current state of the law. That is, he would be eligible for relief, but for retroactivity questions. That burglary, as the law stands now, he was convicted under a statute that does not define a generic burglary. I don't think the government's even disputing that, and therefore it would not qualify as an ACCA offense, and therefore he would not be able to get a sentence above 120 months. But only if one applies the categorical approach to that Illinois statute, and because the actual facts committed fit well within the definition of generic burglary. But all I'm prepared to say is that he was convicted of, as I recall, burglary in the structure. But again, unless the modified categorical approach is used, that can't be examined. The question is whether the statute under which he was convicted has the elements of generic burglary, and there's no dispute that it did not. That's the holding in Haney. I'm afraid that I haven't answered the Court's question. I understand your point. I'm just trying to explore why we might or might not apply Haney and Mathis retroactively, a question that I hope you all might give some thought to that, because at least when I have read cases about retroactivity, the general focus is on, in essence, whether the change in the law means that the conduct, for example, is no longer criminal. And in this case, it sure looks like it was criminal, and the actual conduct would have been sufficient to satisfy the requirement. We can leave that for further debate. Yes, sir. I would simply say that there was no question in either DeCamp or Mathis that the underlying state statutes were violated. And yet, in both of those cases, those nominally burglary offenses, nominal burglary offenses, could not be used for the purpose of ACCA, and that would be our position in this case as well. Thank you. Thank you, Mr. Watson. Ms. Bonamici. May it please the Court. Deborah Bonamici on behalf of the United States again. Your Honor, the government takes position, as we did in its position paper, that the Mathis decision may not be applied retroactively here. However, if the Court desires to have supplemental submissions on that point, then perhaps the Court would prefer that I reserve my argument on that. I think from the way the argument has gone so far, and also from the question that Judge Hamilton has asked about the extent to which the modified categorical approach is itself part of the definition of retroactive application on collateral review, that we would benefit from supplemental memos. And the government would be delighted to provide that, Your Honor. I think that means we've really got two separate questions. One is whether the modified categorical approach is part of the definition of innocence for purposes of retroactive application. And the other is whether Mathis and Haney, independent of that question, are retroactive on the ground that they deal with actual innocence, not having committed the crime. And one seems to me one might address not simply factual innocence is a little difficult because this is a sentencing enhancement, but in Montgomery against Louisiana last term, the Supreme Court applied Miller against Alabama retroactively, even though it concerned only sentencing, and said some things in Montgomery about when changes in the rules for sentencing apply retroactively on collateral review. And it seems to me we need to be thinking about that. And so far, you know, it's not been addressed on either side. Thank you, Your Honor. Well, we will do request that you affirm the conviction and sentence of the defendant. We do request that you affirm the conviction and sentence of the defendant, but we understand that we will be awaiting further briefings. We will. But I'm sure you didn't expect us to say in Haney what we did. So, you know, there we are. We will. Thank you. Thank you, Judge. Mr. Tice, any further? I'm sorry, Mr. Watson. Well, Mr. Tice. Two from Ms. Bonamici, but only one from Mr. Tice. I'm not sure that Mr. Tice would accept me sending him up here at this point. Okay. Anything brief? Yes, sir. To the extent the actual innocence question has been raised, we have asserted, we did assert in our briefs, that this is a question of actual innocence as to whether he is an armed career criminal. That would be our position, was our position, would continue to be our position. We can certainly address this further, and we intend to given the instruction of the court. If there are any other questions, I'm happy to address them. That's it for the moment. We will look forward to these further briefs in 14 days. Thank you, Your Honor. Thank you.